IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

|                                         |     |                        |
|-----------------------------------------|-----|------------------------|
|                                         |  *  |                        |
| HILDA L. SOLIS,                         |     |                        |
| Secretary of Labor,                     |  *  |                        |
| United States Department of             |     |                        |
| Labor                                   |  *  |                        |
|                                         |     |                        |
|     Plaintiff,                          |  *  |                        |
|                                         |     |                        |
|         v.                              |  *  |  CIVIL NO.: WDQ-00-3491 |
|                                         |     |                        |
| ROMA MALKANI, *et al.*,                 |  *  |                        |
|                                         |     |                        |
|     Defendants.                         |  *  |                        |

*    *    *    *    *    *    *    *    *    *    *    *    *

MEMORANDUM OPINION

Elaine Chao, Secretary the Department of Labor, sued Roma
Malkani and Information Systems Network Corporation ("ISN") for
violating the Employee Retirement Income Security Act of 1974, 29
U.S.C. § 1001 *et seq.* ("ERISA").  The Court removed fiduciaries
of ISN's 401(k) and Pension and Profit Sharing Plans and named
Clark/Bardes Consulting("Clark") as the Independent Fiduciary.
Pending is Clark's motion to withdraw and Secretary Solis's[1]
motion to compel ISN to remit plan contributions and interest and
terminate the plan.  For the following reasons, Clark's motion
will be granted, and Secretary Solis's motion will be denied.

I.   Background

On November 28, 2000, Secretary Chao sued Malkani and her

---

[1] Hilda L. Solis has replaced Elaine L. Chao as the
Secretary of Labor.

1

company, ISN, for violating 29 U.S.C. § 1001.  Paper No. 1.  On July 9, 2002, the Court ordered Defendants removed as fiduciaries of ISN's retirement savings plans and ordered the Secretary to propose an independent trustee for the plans.  Paper Nos. 54, 57. On March 3, 2003, the Secretary recommended Clark (now Clark & Wamberg) as the Independent Fiduciary.  Paper No. 80.  On May 23, 2003, the Court appointed Clark and ordered the Defendants to pay Clark's costs.  Paper No. 102.

The Court referred Clark's pending fee requests to Magistrate Judge Gauvey.  Paper No. 255.  On July 11, 2007, Judge Gauvey ordered the Defendants to pay Clark $498,115.95 for fees and costs incurred.  Papers Nos. 288, 289.  The Defendants appealed this decision.  Paper No. 291.

On June 5, 2008, the Fourth Circuit dismissed the appeal for lack of appellate jurisdiction and remanded the case for further proceedings.  Paper Nos. 312, 313.  On February 25, 2009, the Court adopted Judge Gauvey's report and recommendation.  Paper No. 323.  On April 23, 2009, Clark moved to withdraw.  Paper No. 329.  On May 8, 2009, Secretary Solis moved to compel ISN to remit plan contributions and interest.  Paper No. 331.

II.  Analysis

A.   Motion to Withdraw

Clark seeks to withdraw as the Court appointed fiduciary, as it no longer has "expertise in qualified plan administration or

recordkeeping." Paper No. 329 ¶ 8. Secretary Solis does not oppose Clark's withdrawal, but asks that the Court condition Clark's withdrawal on its securing a replacement independent fiduciary. Paper No. 330 at 2.

The Terms of Engagement between Clark and the Department of Labor permits Clark to terminate its engagement "at any time. . . with approval of the Court, upon sixty (60) days written notice to the other party or such longer time as may be required by the Court." Paper No. 329 App. A, ¶ 4. Clark gave notice of its intent to resign on February 3, 2009. Paper No. 329 at Tab 2.

An ERISA plan trustee must "satisfy ERISA's fiduciary standard of care, in addition to whatever contractual duties may be set forth in the plan documentation." *Ream v. Frey*, 107 F.3d 147, 154 (3d Cir. 1997). Under ERISA, "fiduciaries owe strict duties running directly to beneficiaries in the administration. . . of trust benefits." *Massachusetts Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 152-53 (1985)(Brennan, J., concurring). Because trustees owe duties directly to beneficiaries, "a trustee may be liable for a breach of fiduciary duty for resigning without providing for a 'suitable and trustworthy replacement.'" *Ream*, 107 F.3d at 154 (*quoting Friend v. Sanwa Bank California*, 35 F.3d 466, 471 (9th Cir. 1994)).

The Secretary contends that Clark has a fiduciary duty to continue as trustee until a replacement is found. Paper No. 330

at 2.  Section 1104(a)(1)(B) requires that fiduciaries act with the care, skill, prudence and diligence demanded by the circumstances.  29 U.S.C. § 1104(a)(1)(B).  In this situation, a "prudent" person would not withdraw and leave the INS pension and 401(k) plans without a fiduciary to oversee and administer them.[2] Thus, Clark may not withdraw as trustee until its replacement is secured.

Clark does not, however, bear the burden of finding its replacement.  In its August 13, 2002 Order, the Court required Secretary Chao to recommend an independent trustee to ISN's ERISA plans.  Paper No. 57.  Although the Court's Order did not address future appointments, Secretary Solis has not shown why subsequent appointments should not be secured by the Department of Labor.

Because Secretary Solis has had time to identify a replacement for Clark, the Department of Labor will be required to recommend a replacement for Clark within 30 days of the date of this Order.  To prevent discontinuity in plan administration, Clark may resign 30 days after the Court approves a new independent trustee.

---

[2]  "Courts that have considered the issue have held that an ERISA fiduciary's obligations to a plan are extinguished only when adequate provision has been made for the continued prudent management of plan assets.  This obligation to ensure that fiduciary obligations will continue to be met is a component of the prudence imposed by Section 404(a)(1)(B) of ERISA, 29 U.S.C. § 1104(a)(1)(B)." *Glaziers & Glassworkers Union Local No. 252 Annuity Fund v. Newbridge Secs., Inc.*, 93 F.3d 1171, 1183 (3d Cir. 1996) (citations omitted).

4

Because of past problems collecting fees from the Defendants, Secretary Solis asks that Defendants "be required to pay in advance the fees and estimated expenses of any successor independent fiduciary." Paper No. 330 at 4; *see also* Paper No. 331-2 at 6 n.5. The Defendants have not challenged this request and will be required to pay one-year of the successor trustee's fees and estimated expenses within 60 days of the Court's appointment of the replacement trustee.

B.   Motion to Compel and Terminate

Secretary Solis seeks to: (1) compel ISN to contribute $28,218.50 to its pension plan for the years 2006 and 2007 and $4,730.13 in interest for the years 2004 and 2005; (2) respond to Clark's request for 2008 census data; and (3) terminate the pension plan.[3]

On March 30, 2005, the Court enjoined ISN from violating ERISA and required ISN to cooperate with the independent fiduciary to administer its pension and profit-sharing plans. Paper No. 226. On November 6, 2006, the Court ordered ISN to submit annual census data to the independent trustee. Paper No. 278. On May 21, 2009, ISN provided Employee Census data for 2008 and remitted the 2006 and 2007 contributions and 2004 and 2005 interest to Clark. Paper No. 334, Ex. A. Accordingly, the

---

[3] ISN has begun to terminate the 401(k) Plan but not the pension plan. Paper No. 330 at 5 n.3.

Secretary's motion to compel is moot.

Secretary Solis contends--without citing any authority--that the Court should terminate ISN's ERISA plan because ISN has not complied with the Court's orders and its independent fiduciary's requests.  Paper No. 331 at 6-7.  Sections 1341 and 1342 of Title 29 of the United States Code govern ERISA plan terminations and provide that a corporation or its plan trustee may terminate plans.  29 U.S.C. §§ 1341, 1342.  The statutes do not provide judicial authority to terminate plans solely upon the Secretary's motion.  *See id.*  Accordingly, the motion to terminate will be denied.

III. Conclusion

For the reasons stated above, Secretary Solis will be asked to recommend a replacement trustee within 30 days of the date of the accompanying Order, and Clark's motion to withdraw will be granted effective 30 days after court approval of the replacement trustee.  The Defendants will be required to advance the successor trustee's fees and estimated expenses for one-year within 60 days of the Court's appointment of the replacement trustee.  Secretary Solis's motion will be denied.


<u>October 16, 2009</u>                    _____/s/_____
Date                                 William D. Quarles, Jr.
                                     United States District Judge