IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

HILDA L. SOLIS, *
Secretary of Labor,
United States Department of Labor *

*

Plaintiff,
*

v. CIVIL NO.: WDQ-00-3491
*

ROMA MALKANI, *et al.*,
*

Defendants.
*

* * * * * * * * * * * * *

MEMORANDUM OPINION

Elaine Chao, Secretary the Department of Labor, sued Roma Malkani and Information Systems Network Corporation ("ISN") for violating the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq*. ("ERISA"). The Court removed fiduciaries of ISN's 401(k) and Pension and Profit Sharing Plans and named Clark/Bardes Consulting ("Clark") as the independent fiduciary. Pending are Secretary Solis's[1] motion for partial reconsideration of this Court's October 16, 2009 Order, the Defendants' motion for approval of the supersedeas bond, and Clark's motion for leave to file a surreply. Secretary Solis has also requested that the style of this matter be changed from Elaine L. Chao to Hilda L. Solis, to reflect the correct

[1] Hilda L. Solis is now the Secretary of Labor.

Secretary of Labor. For the following reasons, Secretary Solis's motion will be granted in part and denied in part; her request to change the style and the Defendants' motion will be granted, and Clark's motion will be denied.

I. Background

On November 28, 2000, Secretary Chao sued Malkani and her company, ISN, for violating 29 U.S.C. § 1001. Paper No. 1. On July 9, 2002, the Court removed Defendants as fiduciaries of ISN's retirement savings plans and ordered the Secretary to propose an independent fiduciary for the plans. Paper Nos. 54, 57. On March 3, 2003, the Secretary recommended Clark (now Clark & Wamberg) as the independent fiduciary. Paper No. 80. On May 23, 2003, the Court appointed Clark and ordered the Defendants to pay Clark's costs. Paper No. 102.

On February 25, 2009, the Court ordered the Defendants to pay Clark $498,115.95 within 30 days. Paper No. 323. On March 26, 2009, the Defendants appealed that order. Paper No. 325. On October 16, 2009, the Court conditionally granted Clark's motion to withdraw as independent fiduciary, requested that Secretary Solis propose a new independent fiduciary, and ordered the Defendants to advance the successor fiduciary's estimated annual fee and expenses within 60 days of the Court's appointment of Clark's replacement. Paper No. 341.

On October 20, 2009, Secretary Solis filed a motion for partial reconsideration, requesting that the Defendants be required to prepay two years of the estimated fees and expenses before the appointment of the successor fiduciary. Paper No. 342. On November 3, 2009, the Defendants filed a motion for approval of a supersedeas bond and requested a stay of the Court's February 25, 2009 Order compelling payment to Clark. Paper No. 345.

## II. Analysis

### A. Secretary Solis's Motion for Partial Reconsideration

#### 1. Standard of Review

The Federal Rules of Civil Procedure do not recognize a motion for reconsideration. *Auto Servs. Co., Inc. v. KPMG, LLP*, 537 F.3d 853, 855 (8th Cir. 2008). The court may alter or amend a judgment under Rule 59(e) or grant relief from a judgment or order under Rule 60(b). *See Cross v. Bragg*, 329 Fed. Appx. 443, 452 (4th Cir. 2009)(*quoting In re Burnley*, 988 F.2d 1, 2 (4th Cir. 1992).

For relief under Rule 60(b), the moving party must show "timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances." *Hale v. Belton Assoc., Inc.*, 305 Fed. Appx. 987, 988 (4th Cir. 2009)(*quoting Dowell v. State Farm Fire & Cas. Auto. Inc. Co.*, 993 F.2d 46, 48 (4th Cir. 1993)). She must also prove that she

is entitled to relief under one of the six sections of Rule 60(b). *Dowell*, 993 F.2d at 48.

Rule 60(b) permits the court to amend a final judgment, order, or proceeding because of: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or other misconduct of an adverse party; (4) a void judgment; (5) satisfaction, release, or discharge of a judgment; or (6) any other reason justifying relief from the operation of the judgment. Fed. R. Civ. P. 60(b). A motion under Rule 60(b) must be made within a "reasonable time" and, for reasons (1)-(3), never more than a year after entry of a judgment or order. *Id*. 60(c)(1). Here, Secretary Solis sought reconsideration four days after the Court's October 16, 2009 Order; her request is timely.

2. Secretary Solis's Requests to Amend

Secretary Solis has requested amendment of the Court's October 16, 2009 Order to require the Defendants to prepay the successor fiduciary's estimated fees and expenses before the new appointment becomes effective and to advance two years of the estimated fees and expenses. Pl.'s Mot. 1-2. She also wants Clark's withdrawal as independent fiduciary to be contingent

upon the approval *and* appointment of the successor fiduciary.[2] Pl.'s Reply to Clark 1-2.

Secretary Solis has "serious concerns about her ability to locate a potential successor . . . because many qualified candidates may be unwilling to incur the risk of total nonpayment." Pl.'s Mot. 3. To avoid litigation for nonpayment, Secretary Solis urges that the Defendants be required to prepay *before* the new appointment instead of 60 days thereafter. *Id*. Under ERISA, the successor fiduciary's obligations begin upon appointment and remain even if the Defendants do not pay. *See Glaziers and Glassworks Union Local No. 252 Annuity Fund v. Newbridge Securities, Inc.*, 93 F.3d 1171, 1182-83 (3rd Cir. 1996). The successor fiduciary is entitled to some assurance of payment upon the assumption of his fiduciary duties.

The Defendants' obligation to pay the successor fiduciary is undisputed; therefore, merely advancing that payment will not prejudice them. As Secretary Solis must secure a successor fiduciary and--given Clark's difficulty securing payment from

[2] Clark has sought to distinguish between the "approval" and the "appointment" of the successor fiduciary. *See* Clark's Response ¶ 3. It argues that "Clark's withdrawal as independent fiduciary is contingent upon this Court's *approval* of the new independent fiduciary, not the appointment of that new fiduciary." *Id*. The purpose of the Court's October 16 Order was to "prevent discontinuity in plan administration." Order 4. Thus, Clark may withdraw only after the the successor fiduciary has taken over plan administration.

the Defendants--some assurance of payment will be required; these exceptional circumstances justify relief. Thus, the Defendants will prepay the estimated fees and expenses within 15 days of the Court's approval of the successor fiduciary; the appointment of the new fiduciary will occur thereafter, within 30 days of the Court's approval of the successor.

Because the Defendants have a history of nonpayment and the successor fiduciary "will be overseeing the pension plan indefinitely," Secretary Solis also argues that the Defendants should be required to prepay two years of the estimated fees and expenses instead of one. Pl.'s Mot. 2-3. The Court rejected these arguments in its October 16 Order. Thus, the request for two years of prepayment will be denied.

Finally, Secretary Solis seeks to confirm that Clark's withdrawal as independent fiduciary will be contingent upon the approval and appointment of the successor fiduciary.[3] The Court's October 16 Order held that, under 29 U.S.C. § 1104(a)(1)(B), "Clark may not withdraw as trustee until its replacement is secured." Order 4. Because the duty of prudence requires Clark to provide for a "suitable and trustworthy replacement," it may not withdraw until the Court has approved

[3] The Court did not intend to differentiate between the dates of "approval" and "appointment" in the October 16 Order. Because the parties have interpreted these as two separate events, the Court will clarify its order.

and appointed the new fiduciary. *Friend v. Sanwa Bank California*, 35 F.3d 466, 471 (9th Cir. 1994). Secretary Solis is correct that Clark's withdrawal should be contingent upon approval *and* appointment of the successor fiduciary. Appointment will take effect within 30 days after the Court's approval of the successor; Clark's withdrawal will take effect upon that appointment.

C. Defendants' Motion to Approve the Supersedeas Bond

The Defendants have appealed the Court's February 25, 2009 Order. Paper No. 325. Upon appeal of a judgment, Fed. R. Civ. P. 62(d) requires the appellant to give a supersedeas bond to obtain a stay. "The stay takes effect when the court approves the bond." Fed. R. Civ. P. 62(d).

Under Local Rule 110(1)(a), the supersedeas bond filed to stay execution of a money judgment must be 120 percent of the judgment plus $500 to cover costs on appeal. Here, the Defendants have filed a bond for $600,500.00, which meets these requirements. As there is no opposition, the Court will grant the Defendants' motion to approve the supersedeas bond and stay the Court's February 25, 2009 Order to remit $498,115.95 to Clark.

D. Clark's Motion for Leave to File Surreply

Clark contends that it should be permitted to respond to the new argument raised in Secretary Solis's reply brief.

Clark's Mot. 1-2. A surreply "may be permitted when the moving party would be unable to contest matters presented to the court for the first time in the opposing party's reply." *Khoury v. Meserve*, 268 F. Supp. 2d 600, 605 (D. Md. 2003). Here, Clark's response to Secretary Solis's motion for reconsideration asserted that, under the Court's October 16 Order, it could withdraw before the appointment of its successor. That assertion prompted Secretary Solis's reply. Because Secretary Solis did not raise a "new" argument but merely addressed Clark's response, Clark's motion for leave to file surreply will be denied.

III. Conclusion

For the reasons stated above, Secretary Solis's motion will be granted in part and denied in part. Within 15 days after the Court's approval of the successor fiduciary, the Defendants will prepay one year of the estimated fees and expenses. Within 30 days after the Court's approval, the successor fiduciary will be appointed. Clark's withdrawal as fiduciary will take effect upon the appointment of its successor.

Secretary Solis's request to change the style of the case to name her as the Plaintiff in this matter will be granted. The Defendants' motion to approve the supersedeas bond will be granted, and the February 25, 2009 Order to remit payment to

Clark will be stayed until further order of the Court. Clark's motion for leave to file a surreply will be denied.

November 16, 2009
Date

/s/
William D. Quarles, Jr.
United States District Judge