```
             IN THE UNITED STATES DISTRICT COURT FOR
           THE DISTRICT OF MARYLAND, NORTHERN DIVISION

HILDA L. SOLIS,                  *
Secretary of Labor,
United States Department of      *
Labor,
                                 *
     Plaintiff,
                                 *
       v.                            CIVIL NO.:  WDQ-00-3491
                                 *
ROMA MALKANI, et al.,
                                 *
     Defendants.
                                 *

*    *    *    *    *    *    *    *    *    *    *    *    *
```

MEMORANDUM OPINION

Hilda L. Solis, Secretary the Department of Labor, sued Roma Malkani and Information Systems Network Corporation ("ISN") for violating the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.* ("ERISA").  The Court removed fiduciaries of ISN's 401(k) and Pension and Profit Sharing Plans and named Clark/Bardes Consulting ("Clark") as the independent fiduciary.  Pending is the Defendants' motion to approve a supersedeas bond and stay this Court's December 16, 2009 judgment.  On January 13, 2010, a hearing to show cause why the Defendants should not be held in contempt of the December 16, 2009 Order was held.  For the following reasons, the Defendants motion to stay shall be denied, and they shall be held in

contempt for failing to comply with this Court's December 16, 2009 Order.

I. Background

ISN is an engineering firm in Bethesda, Maryland. *Chao v. Malkani*, 216 F. Supp. 2d 505, 507 (D. Md. 2002). In 1982, ISN created a defined contribution employees' pension plan. *Id*.[1] Malkani was chairperson of the ISN Pension Plan Committee, which acted as the Pension Plan administrator. *Id.* The Pension Plan administrator was responsible for calculating the amount of ISN's required annual contribution to the Pension Plan and the participants' year end account balance. *Id*. at 508. In 1984, ISN established the Profit Sharing Plan, which was a separate defined contribution plan for eligible ISN employees. *Id*.[2]

On November 28, 2000, Secretary Chao sued Malkani and ISN for violating 29 U.S.C. § 1001. Paper No. 1. On July 9, 2002, the Court removed the Defendants as fiduciaries of ISN's retirement savings plans and ordered the Secretary to propose an independent fiduciary for the Plans. Paper Nos. 54, 57. On

---

[1] ISN was required to make yearly contributions for eligible employees who completed more than 1000 hours of service during a Plan year in an amount equal to a percentage of that employee's compensation. *Chao,* 216 F. Supp. 2d at 508.

[2] As of September 30, 2008, the combined assets of the Pension and Profit Sharing plans were $6,684,999. Paper No. 329, Ex. 1 at 3. As of December 31, 2007, there were 7 active and 302 inactive Pension Plan participants and 34 active and 71 inactive Profit Sharing Plan participants. *Id*.

2

March 3, 2003, the Secretary recommended Clark (now Clark & Wamberg) as the independent fiduciary.  Paper No. 80.  On May 23, 2003, the Court appointed Clark and ordered the Defendants to pay Clark's costs, including a $200,000 initial retainer fee. Paper No. 102.

To secure the Defendants' cooperation, Clark has obtained court orders for: (1) its initial $200,000 retainer, Paper No. 125; (2) requested documents necessary for plan administration, Paper No. 125; (3) meetings with Malkani, Paper No. 125; (4) reimbursement for bills and expenses, Paper Nos. 159, 288; (5) payment of its annual fees, Paper No. 288, 323; and (6) release from its service as independent fiduciary, Paper Nos. 341, 351, 359.  To date, the Defendants have not paid Clark's fees and expenses and have appealed this Court's February 25, 2009 Order to pay Clark.  Paper Nos. 323, 325.

On December 16, 2009, this Court (1) approved Nicholas Saakvitne to replace Clark as the independent fiduciary to the ISN Employees' Pension Plan; (2) required the Defendants to pay Saakvitne $78,000 by December 31, 2009; (3) authorized Saakvitne to terminate the Pension Plan if that was consistent with his fiduciary obligations; and (4) allowed Saakvitne to submit vouchers to the Court for approval of expenses not covered by the prepayment.  Paper No. 357 (the "Prepayment Order").

3

Saakvitne's appointment and assumption of duties was contingent on the Defendants' prepayment of $78,000 in estimated fees and expenses for his next year of service as Plan fiduciary. *Id*. Because the Defendants did not pay Saakvitne, Clark has not been replaced.

On January 5, 2010, the Defendants appealed the Prepayment Order. Paper No. 362. On January 6, 2010, this Court ordered the Defendants to show cause why they should not be held in contempt for failing to pay Saakvitne as ordered and set a hearing for January 13, 2010. Paper No. 361. Anticipating that the Defendants would seek a stay of the Prepayment Order, Secretary Solis filed a response in support of Clark's contempt motion, arguing that the Prepayment Order was injunctive relief, and a bond would be insufficient to stay execution. Paper No. 363. She also recommended that the Defendants be required to pay a fine of at least $250 per day until they complied with the order to pay Saakvitne. *Id*. at 3.

On January 12, 2010, the Defendants filed a motion for approval of a supersedeas bond to stay execution of the "money judgment awarded [Saakvitne]" in the Prepayment Order. Paper No. 365. The Defendants argued that they were unable to secure a bond earlier because "the insurance agent who handles such matters for [them] was out of town until after the holidays";

thus, they did not willfully violate the Court's order to pay Saakvitne by December 31, 2009.  Paper No. 366 at 2.  A show cause hearing was held on January 13, 2010.  Paper No. 372.

II. Analysis

    A.    The Defendants' Motion for Approval of Supersedeas Bond and Stay of December 16, 2009 Order

The Defendants have posted a supersedeas bond and requested a stay of the order to prepay Nicholas L. Saakvitnee $78,000 for work as the Plans' independent fiduciary.  Def.'s Bond Mot. 1.  Secretary Solis and Clark have argued that the order to prepay Saakvitnee is not a money judgment but rather grants injunctive relief, and the stay by supersedeas bond cannot apply.  Pl.'s Opp. 1; Clark's Reply 2-3.

Under Fed. R. Civ. P. 62(a)(1) & (d), an appellant may obtain a stay by supersedeas bond except in cases of, *inter alia*, "an interlocutory or final judgment in an action for an injunction or a receivership."  Fed. R. Civ. P. 62(a)(1).  The purpose of requiring a bond is to "protect the prevailing [party] from the risk of a later uncollectible judgment and compensates him for delay in the entry of final judgment."  *N.L.R.B. v. Westphal*, 859 F.2d 818, 819 (9th Cir. 1988).  Generally, the exception in Rule 62(a)(1) applies to all "injunctive type remedies."  *Dewey v. Reynolds Metals Co.*, 304 F. Supp. 1116, 1118 (W.D. Mich. 1969).  "Affirmative

5

injunctions" include orders that are "directed to a party, enforceable by contempt, and designed to accord or protect some or all of the substantive relief sought by a complaint in more than temporary fashion." *U.S. v. Kaley*, 579 F.3d 1246, 1252 (11th Cir. 2009) (*quoting* 16 Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, *Federal Practice and Procedure* § 3922, at 65 (2d. ed. 1996)(quotation marks omitted)).

The bond posted by the Defendants may protect Saakvitne from non-payment; but, it does not relieve the current fiduciary, Clark, who may be removed as trustee following the appointment of its replacement.  Because Saakvitne's appointment is contingent upon *receipt* of prepayment, the Defendants' bond neither secures his appointment nor releases Clark as Plan fiduciary.  Accordingly, the bond does not serve 62(a)(1) by relieving Clark of its duties during the pendency of the appeal.

The Court's order for prepayment of Saakvitne was an "injunctive type" remedy.  It is an "affirmative injunction" because it was directed to the Defendants, is enforceable by contempt, and was designed to protect the beneficiaries of the Plan for the next year.  Because the order to prepay Saakvitne was injunctive relief, it was not stayed by the filing of a supersedeas bond, and the Defendants' motion must be denied.

B.   Civil Contempt

A court may impose sanctions for civil contempt "to coerce obedience to a court order or to compensate the complainant for losses sustained as a result of" violation of a court order. *In re General Motors Corp.*, 61 F.3d 256, 258 (4th Cir. 1995) (*quoting Connolly v. J.T. Ventures*, 851 F.2d 930, 932 (7th Cir. 1988)). Civil contempt is an appropriate sanction when a party violates a court order that "sets forth in specific detail an unequivocal command." *Id*. (*quoting Ferrell v. Pierce*, 785 F.2d 1372, 1378 (7th Cir. 1986). The complainant has the burden to prove civil contempt by clear and convincing evidence, and "[w]illfulness is not an element of civil contempt." *Id*.

The Defendants have argued that they are not in contempt because they made a good faith effort to secure a bond to stay this action by the December 31, 2009 deadline. But, as discussed above, a bond is insufficient to stay the order to prepay Saakvitne. To stay an order of injunctive relief under Fed. R. Civ. P. 62(c), the moving party must show: (1) a likelihood of success on the merits of the appeal, (2) irreparable injury, (3) no substantial harm to other interested parties, and (4) the public interest will be served by granting the stay. *Long v. Robinson*, 432 F.2d 977, 979 (4th Cir. 1970). The Defendants have the burden of proof but have not shown that

they are entitled to a stay under this standard and have provided no reason, except their pending appeal, for non-payment of Saakvitne.[3]  Because there has been no stay of the order to pay Saakvitne, the Defendants are in contempt.

III. Conclusion

For the reasons stated above, the Defendants' motion to approve the supersedeas bond and stay execution of the December 16, 2009 Order will be denied.  The Defendants will be held in contempt and ordered to:

>  (1) remit payment to Saakvitne in the amount of $78,000 for his estimated fees and expenses as independent fiduciary for the Plans over the next year;
>
>  (2) pay a fine of $3,000.00--or $250 per day for the period from December 31, 2009 to the Defendants' filing of a motion to approve the supersedeas bond on January 12, 2009--for their contempt of the December 16, 2009 Order to prepay Saakvitne; and
>
>  (3) promptly pay all Saakvitne's court-approved, supplemental expenses for his service as independent fiduciary to the Plans.

---

[3]  The Defendants do not contend--and have waived the argument--that they are entitled to a stay of the order for injunctive relief.

These payments must be made within 10 days of this order.  If payment is not made, the Court will impose a fine of $250.00 per day against the Defendants jointly and severally to secure compliance.


January 20, 2010                     _____/s/_____
Date                                 William D. Quarles, Jr.
                                     United States District Judge