IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

**HILDA L. SOLIS, ETC.**         *

   **v.**                           *        CIVIL NO. WDQ-00-3491

**ROMA MALKANI, ET AL.**         *

## REPORT AND RECOMMENDATION

Pending before the Court is plaintiff's amended motion for an order requiring defendants to show cause why they are not in contempt of the Court's orders requiring cooperation with the independent fiduciary. (ECF No. 386). The briefing is complete. The Court entered an order to show cause on February 23, 2011 and held a telephone hearing on the same on March 1, 2011. (ECF No. 391). For the reasons set forth below, the undersigned recommends that the Court GRANT the motion, and order relief as set forth herein.

## I. Background

The underlying post-judgment matter arises out of a successful enforcement action brought under the Employee Retirement Income Security Act of 1974 ("ERISA") by the Secretary of Labor (the "Secretary") against defendants, Information Systems and Networks and Roma Malkani, its president and sole owner (collectively, "ISN"). In November 2000, the Secretary initiated an ERISA lawsuit against ISN on behalf of the beneficiaries of ISN's defined contribution pension and profit

1

sharing plan alleging that ISN had violated its fiduciary duty to properly administer the plan. (ECF No. 1). In 2002, this Court granted partial summary judgment in favor of the Secretary, holding that ISN violated § 406 of ERISA. (ECF No. 53). The Court ordered that ISN be removed as administrative fiduciary of the plan and asked the Secretary to name a replacement fiduciary. In May 2003, the Court appointed Clark Consulting ("Clark") as the independent fiduciary in response to a request from the Secretary. (ECF No. 102).

Following a three-day bench trial in October 2004, the Court found on March 30, 2005 that defendants breached their fiduciary duties under ERISA by failing to make already delinquent mandatory contributions ISN's employee pension plan (the "Plan") and ordered ISN to reimburse the Plan accordingly. (ECF No. 225, 6). Specifically, the Court ordered defendants to remit $659,596.52, plus additional interest, for Plan years 1995 through 2001. (ECF No. 226, ¶ 1). The Court also ordered that "[d]efendants and their agents shall cooperate with Clark Consulting in its on-going administration of the Pension Plan and Profit Sharing Plan" and that "[d]efendants are enjoined from committing future violations of ERISA." (Id. at ¶ 5). Since that time, Mr. Nicholas Saakvitne has replaced Clark as IF for the Plan. (ECF No. 357). Thus, defendants' duty to cooperate with the IF extends to Mr. Saakvitne.

2

On July 22, 2010, plaintiff filed a motion for an order requiring defendants to show cause why they are not in contempt of the Court's orders requiring cooperation with the independent fiduciary seeking, inter alia, unpaid employer contributions to the Plan for 2008. (ECF No. 379). The defendants voluntarily remitted the required employer contributions for 2008 but only after filing their response in opposition. Thereafter, and before any show cause hearing was scheduled, plaintiff filed the instant amended motion in order to recover, inter alia, employer contributions for 2009.

## II. Analysis

Plaintiff asserts that defendants are in contempt of the Court's orders requiring cooperation with the independent fiduciary due to their failure to: remit ISN's mandatory employer contribution of $36,255.90 to the Plan for 2009; comply with the independent fiduciary's request that ISN provide for 2010 Census data for the Plan; and reimburse the independent fiduciary for a $5,000 IRS filing fee. (ECF No. 386, ¶¶ 1-3). Plaintiff urges the Court to impose a fine of $500 per day on defendants for each day they fail to remit the employer contribution, interest on the late contribution, or the IRS filing fee. (ECF No. 386, ¶ 4). In addition, plaintiff seeks an award of fees and costs related to the filing of the July 22, 2010 motion to show cause and the November 10, 2010 amended motion to show cause. Defendants

3

assert that ISN has not failed to cooperate with the IF "except insofar as such cooperation would (1) jeopardize the tax-qualification of the Plan by mis-interpreting the Plan, and (2) enable the IF to act outside the bounds of its authority as a fiduciary by seeking to unilaterally amend and then terminate the Plan, with approval of only DOL." (ECF No. 389-1, 2).

At the show cause hearing on March 1, 2011, plaintiff reported that defendants have provided the requested 2010 Census data for the Plan to the IF. In addition, due to an adjustment of the IRS filing fee after the filing of the underlying motion, plaintiff amended its request for reimbursement fee from $5000 to $375. Thus, the issues remaining for the Court's consideration are the outstanding 2009 employer contribution and IRS filing fee, as well as imposition of fines, fees and costs against defendants.

A. 2009 Employer Contribution

According to the IF's calculations, defendants owe a mandatory employer contribution of $36,255.90 for Plan year 2009. (ECF No. 384, 1). Plaintiff asserts that ISN has yet to make the required contribution although Mr. Saakvitne and Secretary Solis notified defendants of the amount due on August 20, 2010 and requested that it be remitted by August 25, 2010. (ECF No. 384, 1). Plaintiff indicated in the August 20, 2010 joint status letter that it understood September 15, 2010 to be the actual

4

deadline for ISN's 2009 employer contribution. (Id.). Defendants contend that ISN should not be obligated to comply with the IF's request for company contributions for 2009 before receiving certain underlying information it has requested in order to confirm the accuracy of the IF's calculations. (ECF No. 389-1, 2-3).

Defendants indicated in the joint status letter that they received data regarding the IF's calculation of the 2009 employer contribution on August 20, 2010, and that they would "review the data provided and calculations and if there are no further questions on the amounts, ISN will pay the amount within 30 business days." (ECF No. 384, 1). By email on September 16, 2010, defendants requested that the IF and DOL provide additional information and stated that ISN will remit what is correctly calculated to be the contribution due "within 30 days after ISN is satisfied with the calculations and our queries regarding the data is answered, i.e., there are no further queries on the amounts." (ECF No. 389-2, 1). Subsequent to defendants' request, Mr. Saakvitne explained in his November 1, 2010 letter the basis for his calculations, including his application of the one relevant forfeiture to reduce ISN's 2008 employer contribution. (ECF No. 386-2, 1-2).

At the show cause hearing, defendants again argued that they should not be required to pay the 2009 employer contribution

because the IF has been unresponsive to their requests for information, and that the flow of cooperation and communication should be bilateral. This position is without merit; the IF's fiduciary duty runs to the Plan and its participants, not to defendants. In addition, as described above, Mr. Saakvitne has in fact responded to defendants' requests for additional information regarding his calculation of the 2009 employer contributions. (ECF No. 386-2). Defendants argument that the IF has mistakenly failed to apply certain offsets in calculating the 2009 employer contribution is similarly unavailing as this issue was resolved by the Court's opinion dated March 30, 2005, and shall not be relitigated here. See (ECF No. 225, 3-4) (finding that § 404 of the Internal Revenue Code does not permit contributions above funding requirements to count as future contributions and that § 403 of ERISA only allows employers to offset mistaken excess contributions against future liabilities within one year of payment).

In essence, defendants endeavor to unilaterally impose an open-ended deadline for surrendering their mandatory employer contribution for Plan year 2009 to the IF. In doing so, defendants have violated their obligation to cooperate with the IF pursuant to the Court's March 30, 2005 Order. Defendants shall remit $36,255.90 to the IF without further delay. In addition, as agreed upon by the parties at the show cause

6

hearing, the undersigned further recommends that defendants shall pay interest on the overdue $36,255.90, and defendants agree that the correct amount of interest is $725.12, which sum represents Mr. Saakvitne's estimate of the amount the Funds would have earned between October 15, 2010 and March 7, 2011, calculated at a rate of two percent.

B. Reimbursement of IRS Filing Fee

The IF has requested that defendants reimburse his firm for a late amender fee in the original amount of $5000, now adjusted to $375, that it advanced on defendants' behalf in conjunction with an application filed under the IRS's Voluntary Compliance Program ("VCP"). (ECF No. 386-2). Defendants assert that the IF "failed to consult ISN regarding the filing of the VCP application, which was made without ISN's knowledge on April 23, 2010." (ECF No. 384, 2). Defendants concede that expenses related to a VCP filing can be a reasonable expense, but maintain that ISN should not be required to reimburse the IF in this instance because it "has found several errors in the filing, and questions the propriety of the filing as well as various assumptions underlying the submission." (ECF No. 384, 2). Defendants further state in their motion in opposition that the VCP should have been filed by ISN in its capacity as Plan sponsor, rather than by the IF. (ECF No. 389-1, 4). Thus, ISN requests the Court to direct the IF to withdraw the VCP until it

7

is technically correct for filing, and thereby recoup the deposit from the IRS. (Id. at 8). The defendants do not have any standing to critique the filing; the IRS shall determine its sufficiency.

At the show cause hearing, however, defendants conceded that Ms. Malkani withheld payment of the IRS filing fee because it constituted a further step toward the IF's eventual termination of the Plan, an outcome that defendants have stridently opposed. It goes without saying that defendants are required to comply with an Order of the Court, regardless of their personal resistance to its requirements. Defendants' position is further undermined by the Fourth Circuit's February 4, 2011 judgment affirming this Court's grant of authority to the IF, Mr. Saakvitne, to terminate the Plan. (ECF No. 390). For these reasons, defendants shall reimburse the IF for the IRS filing fee in the amount of $375 without further delay.

C. Imposition of Fines, Fees and Costs

Due to the ongoing and egregious nature of defendants' failure to cooperate with the IF in violation of this Court's orders, the undersigned recommends that the Court impose a coercive fine in the amount of $500 per day until defendants pay the $36,255.90 employer contribution for 2009, interest on the unpaid contribution in the amount of $725.12, and the $375 IRS filing fee, to begin running one week after execution of the

Court's order in this matter. Defendants' failure to comply with the Court's orders having necessitated numerous motions for relief, the undersigned further recommends that plaintiff is entitled to attorneys' fees and costs incurred in bringing both the July 22, 2010 motion for an order to show cause (ECF No. 379) and the November 10, 2010 amended motion to show cause (ECF No. 386). While the plaintiff's July 22, 2010 motion was rendered moot by the defendants' payment, the plaintiff nonetheless was required to prepare and file the motion papers to elicit defendants' compliance. Cf FED. R. CIV. P. 37(a)(5)(A). The undersigned recommends that the Court require plaintiff to submit a fee petition providing a basis for an award of fees and costs at the prevailing market rate within two weeks of the Court's order. Any opposition to plaintiff's fee petition shall be filed within one week thereafter, and shall be limited to five pages.

### III. Conclusion

Pursuant to the Order of Reference dated July 29, 2010, the undersigned judge finds that defendants ISN and Roma Malkani are in civil contempt and recommends that the Court order the following:

1. Defendants shall remit the 2009 employer contribution in the amount of $36,255.90;

2. Defendants shall remit interest on the 2009 employer contribution in the amount of $725.12;

3. Defendants shall remit the IRS filing fee in the amount of $375;

4. Defendants shall be liable for a fine of $500 per day for each day that they fail to remit the 2009 employer contribution, interest on the 2009 employer contribution, and the IRS filing fee, to begin running one week from the date of the Court's Order;

5. Plaintiff shall submit a petition for fees and costs within two weeks of the Court's Order;

6. Defendants shall file any opposition to plaintiff's fee petition within one week thereafter, which opposition shall be limited to five pages.

Date:  3/01/2011                    /s/
                             Susan K. Gauvey
                             United States Magistrate Judge