IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

HILDA L. SOLIS, ETC.            *

    V.                          *     CIVIL NO. WDQ-00-3491

ROMA MALKANI, ETC., ET AL.      *

## REPORT AND RECOMMENDATION

On March 7, 2011, plaintiff filed a motion for fees from defendants Roma Malkani and Information Systems and Network Corporation, seeking fees relating to the preparation and filing of Plaintiff's Motion for an Order Requiring Defendants to Show Cause Why They Are Not in Contempt of the Court's Orders. In a Report and Recommendation dated March 1, 2011 (ECF No. 392), the undersigned recommended that the underlying motion be granted (ECF No. 386). While defendants took action rendering the underlying motion essentially moot, the undersigned found that "the plaintiff nonetheless was required to prepare and file the motion papers to elicit defendants' compliance." (ECF No. 392, 9).

Additionally, the undersigned has reviewed the fee petition and accompanying Declaration and recommends for the reasons set out in its earlier opinion awarding fees (ECF No. 276) that the plaintiff is entitled to Philadelphia market rate for attorneys' fees of $6,668.75 (the documented 24.25 hours X $275). $275 is

1

a reasonable hourly rate in light of the earlier attorneys' fee award, the Declaration here and those Declarations submitted in an earlier attorneys' fees petition (ECF No. 254), the undersigned's knowledge of prevailing rates and Local Rule rates for the Baltimore area, ($225-$300 presumptive hourly rate for lawyers admitted to the bar between 9 and 14 years).  The plaintiff asked for $300 an hour; however, the support for that hourly rate was Mr. Thomasson's declaration statement in 2006 that "[g]iven my over ten years of experience as an attorney, a Philadelphia law firm would bill me at $250 per hour" (ECF No. 271); and Mr. Welsh's declaration statement that "[g]iven my ten years of experience as an attorney, a law firm would likely bill my services at a rate of at least $300 per hour.  It is my understanding that some attorneys in private practice in Philadelphia with similar experience and who perform similar work bill their services at a rate of $500 per hour or more."  Ordinarily, the movant offers more than his or her opinion as to the applicable rate.  Accordingly, the support for a $300 hourly rate seems a little light, but ample for a $275 hourly rate, whether based on Philadelphia or Baltimore rates.  Moreover, the $275 hourly rate is also clearly supported by the Local Rules for our district and this judge's experience.  See <u>Costar Group, Inc. et al. v. LoopNet, Inc. et al.</u>, 106 F. Supp. 2d 780, 788 (2000) ("[I]n the absence of sufficient documentation, the court

may rely on its own knowledge of the market."). And, of course, the defendants filed no opposition to the award, the amount or the hourly rate. Also, the amount of time spent is reasonable in light of review of the filings which were the product of the time spent. Finally, the plaintiff exercised billing judgment and did not seek compensation for all attorney time spent on the motions, further reducing the attorneys' fee petition amount.

For all these reasons, the undersigned recommends that the defendant be ordered to pay $6,668.75, which is the 24.25 hours of documented work times $275.

It is so ORDERED this ___7th___ day of June, 2011.

/s/
Susan K. Gauvey
United States Magistrate Judge
