IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

HILDA L. SOLIS,  
Secretary of Labor,  
United States Department of Labor,  

    Plaintiff,  

v.  

ROMA MALKANI, et al.,  

    Defendants.  

CIVIL NO.: WDQ-00-3491

* * * * * * * * * * * * *

MEMORANDUM OPINION

Hilda L. Solis, Secretary of the Department of Labor (the "Secretary"), sued the Information Systems and Network Corporation ("ISN") and Roma Malkani (the "defendants") under the Employment Retirement Income Security Act of 1974 ("ERISA").[1] For the following reasons, the defendants' objections to Judge Susan K. Gauvey's March 2, 2011 Report and Recommendation (the "R&R") will be overruled, and the R&R will be adopted in part *nunc pro tunc* and rejected in part as moot; Judge Gauvey's unopposed June 7, 2011 R&R will be adopted; and Charles F. Fuller, Esq.'s motion to withdraw will be granted.

---

[1] 29 U.S.C. §§ 1001 *et seq.*

I.  Background

ISN is an engineering firm in Bethesda, Maryland. ECF No. 374 at 2. Malkani is its president and sole owner. ECF No. 392 at 1. In 1982, ISN established a defined contribution employees' pension plan (the "Plan"). ECF No. 374 at 1.[2] ISN was required to make an annual contribution for each eligible employee. *Id.* at 2 n.1. Malkani and ISN were the Plan's fiduciaries. ECF No. 225 at 2. ISN's last contribution to the Plan was for Plan Year 1995. *Id.*

In November 2000 and August 2001, the Secretary sued the defendants and the Plan[3] for various ERISA violations. *See Chao v. Malkani*, 452 F.3d 290, 292 (4th Cir. 2006); *Chao v. Malkani*, 216 F. Supp. 2d 505, 507-08 (D. Md. 2002). On July 9, 2002, Judge Frederic N. Smalkin found that the defendants had "repeated[ly] attempt[ed] to transfer funds to ISN's benefit in violation of ERISA," and removed them from "any position holding fiduciary authority over the [Plan]." *Id.* at 518.[4]

In May 2003, upon recommendation by the Secretary, the Court appointed Clark Consulting ("Clark") as the Plan's independent fiduciary. ECF No. 351 at 2. Clark provided to the Court its

---

[2] There are seven active and 302 inactive participants. *Solis v. Malkani*, 638 F.3d 269, 275 (4th Cir. 2011).

[3] The Secretary also named ISN's Profit Sharing Plan, another defined contribution plan, as a defendant.

[4] On April 1, 2003, this case was re-assigned to this Judge.

calculations of unpaid contributions for Plan Years 1995-2003. ECF No. 225 at 1-3. The defendants argued that they were not required to make those payments because the Plan had been over-funded, and excess contributions count as future contributions under ERISA and the Internal Revenue Code. *See id.* at 3.

On March 30, 2005, the Court ordered the defendants to reimburse the Plan for the unpaid contributions, and "cooperate" with Clark. ECF No. 226. The Court explained that ERISA only allows employers to offset mistaken surplus payments, and the defendants had "not shown that the excess contributions were made by mistake." ECF No. 225 at 3-4; *see* 29 U.S.C. § 1103(c)(2)(A). The Court also noted that overpayments do not count as future contributions under the Internal Revenue Code. ECF No. 225 at 4; *see* 26 U.S.C. § 404(a)(1)(E).

On August 8, 2007, Charles F. Fuller, Esq. entered his appearance as counsel for Malkani, ISN, and the Plan. ECF No. 290.[5]

On December 16, 2009, Nicholas Saakvitne replaced Clark as the Plan's independent fiduciary. ECF No. 357. Thus, the defendants' duty to cooperate with Clark extended to Saakvitne. The Court ordered that Saakvitne have authority to terminate,

---

[5] Fuller works for the Bowie, Maryland law firm McChesney & Dale, P.C. ECF No. 403 at 1. He also represents ISN's Profit Sharing Plan in this case. ECF No. 290.

3

amend, and administer the Plan, and manage and dispose of its assets. ECF No. 350, Ex. B; ECF No. 357. On January 5, 2010, the defendants appealed that Order to the Fourth Circuit, arguing that Saakvitne should not have been given authority to terminate the Plan. ECF No. 362; see Solis, 638 F.3d at 271.

After he was appointed independent fiduciary, Saakvitne discovered that the Plan was in danger of losing its tax-qualified status because the defendants had failed to make certain Plan amendments. See ECF No. 379, Ex. B at 2; ECF No. 384 at 2. On April 23, 2010, Saakvitne submitted an application and filing fee[6] to the IRS Voluntary Correction Program[7] in an effort to ensure qualification of the Plan. Id.

On June 7, 2010, Saakvitne asked the defendants to provide the 2008 employee contribution owed to the Plan, 2009 and 2010 employee census data,[8] and reimbursement for the Voluntary Correction Program filing fee. ECF No. 379, Ex. B at 1-2. The defendants ignored these requests. ECF No. 379 at 1. On July 22, 2010, the Secretary moved for an order to show cause why the

---

[6] Originally $5,000, but reduced to $375. ECF No. 396 at 1.

[7] The program "allows [one] to identify and correct problems with [a] plan in advance of an IRS audit." IRS, *Voluntary Correction Program Submission Kit* 3, http://www.irs.gov/pub/irs-tege/0430_nonamender_submission_kit.pdf. It is part of the IRS Employee Plans Compliance Resolution System. Rev. Proc. 2008-50 § 1.01; see also Part II.A.2.b.

[8] To be used in calculating any contributions owed for those years. See ECF No. 379, Ex. B at 2.

4

defendants were not in contempt for failing to cooperate with Saakvitne. *Id.*

On July 28, 2010, the defendants submitted the 2008 contribution and 2009 census data to Saakvitne. ECF No. 381 at 1. On July 29, 2010, the case was referred to Judge Susan K. Gauvey under 28 U.S.C. § 636 and Local Rules 301 and 302. ECF No. 380. On July 30, 2010, the defendants opposed the Secretary's July 22, 2010 show cause motion. ECF No. 381.

On August 20, 2010, Saakvitne sent the defendants his calculation of the 2009 contribution owed to the Plan. ECF No. 386, Ex. B; ECF No. 384 at 1. That day, the parties submitted a joint status report to Judge Gauvey. *Id.* The defendants explained that if they had no "queries" about Saakvitne's calculations, they would remit the 2009 contribution within 30 business days. *Id.*

On August 23, 2010, Fuller notified the defendants that he intended to withdraw from representation. ECF No. 403, Ex. 2 at 2. He advised them to have new counsel enter an appearance, and noted that as business entities, they risked default and/or dismissal of their claims unless an attorney's appearance is entered. *Id.*

On November 1, 2010, Saakvitne wrote the defendants "in a final effort to obtain" the 2009 contribution, the 2010 census data, and reimbursement for the Voluntary Correction Program filing fee. ECF No. 386, Ex. A at 1. Saakvitne noted that he

5

had applied one forfeiture[9] to reduce ISN's 2008 contribution, and all other "forfeiture information [was] historical and ha[d] no relevance to the 2009 administration of the Plan." *Id.* at 2. The defendants ignored Saakvitne's requests. ECF No. 386 at 1-2.

On November 10, 2010, the Secretary filed an amended motion for a show cause order, again seeking to hold the defendants in contempt for failing to cooperate with Saakvitne. *Id.*[10] On December 8, 2010, the defendants opposed that motion. ECF No. 389. Sometime after that, they sent the 2010 census data to Saakvitne. *See* ECF No. 392 at 4.

On February 4, 2011, the Fourth Circuit affirmed the Court's December 16, 2009 order authorizing Saakvitne to terminate the Plan. *Solis*, 638 F.3d at 275. The Fourth Circuit noted that continuing the nearly-dormant Plan would likely "perversely benefit ISN," given ISN's "mismanagement . . . and repeated attempts to misappropriate" funds. *Id.*

On March 1, 2011, Judge Gauvey held a telephone hearing on the Secretary's November 10, 2010 show cause motion. *See* ECF No. 392 at 1. At the hearing, the defendants conceded withholding reimbursement of the Voluntary Correction Program filing

---

[9] A forfeiture is created when a participant terminates employment before he is fully vested in the Plan. ECF No. 225 at 5 n.8. Forfeitures are credited against contributions. *Id.*

[10] The Secretary's July 22, 2010 show cause motion, ECF No. 379, was then terminated.

fee because the application was a "step toward [Saakvitne's] eventual termination of the Plan, an outcome that [they] have stridently opposed." *Id.* at 8.

On March 2, 2011, Judge Gauvey issued an R&R proposing that the Court: (1) grant the Secretary's November 10, 2010 amended show cause motion; (2) order the defendants to remit the 2009 contribution and Voluntary Correction Program filing fee; and (3) require the Secretary to submit a petition for attorneys' fees incurred in preparing the July 22 and November 10, 2010 show cause motions. *Id.* at 9. After the R&R issued, the defendants remitted the 2009 contribution and filing fee to Saakvitne. ECF No. 395 at 1; ECF No. 396 at 1.

On March 7, 2011, before the Court could consider the March 2, 2011 R&R, the Secretary filed a petition for attorneys' fees. ECF No. 393.

On March 16, 2011, the defendants filed objections to the March 2, 2011 R&R. ECF No. 395. On March 21, 2011, the Secretary filed her response to the objections. ECF No. 396.

In or before April 2011, the defendants indicated to Fuller that they had retained a new attorney. *See* ECF No. 403, Ex. 1. On April 28, 2011, Fuller again notified the defendants that he intended to withdraw, and noted their failure to pay his legal fees. *Id.* He urged them to have their new attorney enter an appearance. *Id.*

On June 7, 2011, Judge Gauvey issued an R&R recommending that the Court: (1) grant the Secretary's March 7, 2011 petition for attorneys' fees incurred in preparing the show cause motions; and (2) order the defendants to pay the Secretary $6,668.75 for fees. *See* ECF No. 402 at 1, 3. Judge Gauvey noted that although the show cause motions are moot because the defendants have remitted the requested payments to Saakvitne, the Secretary was "nonetheless required to prepare and file the motion papers to elicit [the] defendants' compliance." *Id.*

On June 8, 2011, Fuller moved to withdraw representation. ECF No. 403.

II. Analysis

A. Judge Gauvey's March 2, 2011 R&R

1. Standard of Review

A reviewing "judge . . . shall make a *de novo* determination of those portions of the [magistrate judge's] report . . . to which objection is made." 28 U.S.C. § 636(b)(1)(C). The judge "may accept, reject, or modify, in whole or in part, the findings or recommendations," and "may also receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.*

2. The Defendants' Objections

The defendants object to the March 2, 2011 R&R's finding that the Secretary is entitled to attorneys' fees incurred in preparing the July 22 and November 10, 2010 show cause motions. *See* ECF

8

No. 395 at 7.[11] The defendants argue that they justifiably resisted remitting the 2009 contribution and Voluntary Correction Program filing fee. See id. at 1-7. They also note that the "sole purpose" for filing objections is to "keep the Plan from being terminated." Id. at 1. They request that the Court prevent Saakvitne from terminating the Plan, and "refer this matter to [Judge Gauvey] for . . . consideration of further evidence on the matters raised [in their objections]." Id. at 7.

The Secretary asserts that attorneys' fees are warranted because the defendants only remitted the 2009 contribution and filing fee after she sought to hold them in contempt and the March 2, 2011 R&R was issued. ECF No. 396 at 1-2, 7; see also ECF No. 393 at 1.

    a. Refusal to Remit the 2009 Employer Contribution

The defendants argue that they justifiably withheld the 2009 contribution because Saakvitne may have failed or did fail to apply unidentified forfeitures that "could have been used to offset employer contributions." ECF No. 395 at 2.

There is no indication that Saakvitne improperly calculated the 2009 contribution or failed to consider relevant forfeitures.

---

[11] Because the defendants have remitted the 2009 contribution and Voluntary Correction Program filing fee, the Secretary's November 10, 2010 show cause motion, ECF No. 386, and the portion of the R&R recommending the Court to grant that motion, ECF No. 392 at 1, are moot.

On August 20 and November 1, 2010, Saakvitne sent his 2009 calculations to the defendants, and explained that no forfeiture information was "relevan[t] to the 2009 administration of the Plan." ECF No. 386, Exs. A-B; ECF No. 384 at 1.

As the R&R explains, if ISN alternatively seeks credit for surplus contributions from prior Plan Years, the Court has previously rejected this argument.[12] Thus, as the R&R notes, the defendants "violated their obligation to cooperate with [Saakvitne]" by withholding the 2009 contribution. ECF No. 392 at 6.[13]

  b. Refusal to Reimburse the Filing Fee

The defendants argue that they justifiably refused to reimburse Saakvitne for the Voluntary Correction Program filing fee because Saakvitne was unauthorized to file the application because he is not the Plan Sponsor, and he submitted the application in

---

[12] See ECF No. 225 at 3-4 (Mar. 30, 2005 Memorandum Opinion noting that the defendants' excess payments did not count as future contributions under ERISA or the Internal Revenue Code), cited in ECF No. 392 at 6.

[13] The defendants also appear to argue that they had no fiduciary duty to pay the 2009 contribution. See ECF No. 395 at 2-3. But as the Secretary notes, the fiduciary duty at issue is Saakvitne's obligation to collect the contributions owed to the Plan. ECF No. 396 at 4 n.2. Under ERISA, a fiduciary must "ensure that a plan receives all funds to which it is entitled." Pfahler v. Nat'l Latex Prods. Co., 517 F.3d 816, 832-33 (6th Cir. 2007) (quoting Cent. States, Se. & Sw. Areas Pension Fund v. Cent. Transp., Inc., 472 U.S. 559, 571 (1985)). The defendants have not opposed the Secretary's arguments.

furtherance of his goal to terminate the Plan, which the defendants oppose. See ECF No. 395 at 3-5.

The Voluntary Correction Program is part of the IRS Employee Plans Compliance Resolution System (the "System"), which is based on the principle that "[Plan] Sponsors and other administrators should make voluntary and timely correction of any plan failures." Rev. Proc. 2008-50 § 1.02. A Plan Sponsor is "the employer that establishes or maintains" the Plan. Id. § 5.01(6). The System "permits Plan Sponsors to correct [tax-qualification] failures and thereby continue to provide their employees with retirement benefits on a tax-favored basis." Id. § 1.01.

The defendants argue that because ISN is the Plan Sponsor and Saakvitne is merely the independent fiduciary, Saakvitne "usurp[ed] authority that [this Court] never gave [him]" by filing the application. ECF No. 395 at 5.

As the R&R notes, it is the responsibility of the IRS--not the defendants--to determine the propriety of the application.[14] Also, when Saakvitne became the independent fiduciary, the Court afforded him broad authority to administer, amend, and terminate the Plan. ECF No. 396 at 5; ECF No. 350, Ex. B; ECF No. 357. The System, which includes the Voluntary Correction Program, encourages Plan Sponsors and "other administrators" to correct

---

[14] ECF No. 392 at 8; see also Rev. Proc. 2008-50 § 10.07(1) ("Upon receipt of a submission under [the Voluntary Correction Program], the [IRS] will review [it].").

11

plan failures. Rev. Proc. 2008-50 § 1.02. The System Procedures do not provide that *only* Plan Sponsors may file a Voluntary Correction Program application. Further, as the Secretary notes, Saakvitne's authority to amend the Plan suggests that he is authorized to ensure the Plan's tax-qualified status and protect its participants. *See* ECF No. 396 at 5. The defendants have not countered this argument.

That Saakvitne seeks to terminate the Plan does not justify the defendants' initial refusal to reimburse the filing fee. As the R&R notes, the "defendants are required to comply with [the Court's] Order" to cooperate with the independent fiduciary, regardless of their "strident[] oppos[ition]" to the Plan's termination. ECF No. 392 at 8; *see also* Part II.A.2.c.

    c. Requests to Prevent Saakvitne from Terminating the Plan and to Refer the Case to Judge Gauvey

The defendants request that the Court prohibit Saakvitne from terminating the Plan, and refer this case to Judge Gauvey for "consideration of further evidence on the matters raised [in their objections]." ECF No. 395 at 7.

As the Court ordered on December 16, 2009, Saakvitne has "full authority to terminate" the Plan,[15] which the Fourth Circuit

---

[15] ECF No. 357 ¶ 2.

12

affirmed.[16] Further, as the Secretary notes, without opposition, the defendants have never asserted that they were deprived of the opportunity to present all relevant evidence and arguments to Judge Gauvey. ECF No. 396 at 6-7. An attempt to "relitigate" a prior argument is "not allowed" when objecting to an R&R. *Batey v. Amerigroup Tenn., Inc.*, No. 3:09-1061, 2011 WL 1100082, at *3 (M.D. Tenn. Mar. 22, 2011).

Accordingly, the defendants' objections to the March 2, 2011 R&R will be overruled, and Judge Gauvey's recommendation that the Secretary be ordered to submit an attorneys' fees petition will be adopted *nunc pro tunc*;[17] and Judge Gauvey's unopposed June 7, 2011 R&R recommending that the Court (1) grant the Secretary's March 7, 2011 fee petition, and (2) order the defendants to pay $6,668.75 for attorneys' fees will be adopted.

B. Fuller's Motion to Withdraw

Fuller moves to withdraw representation because of a "complete breakdown of communication between [him] and [the]

---

[16] *Solis*, 638 F.3d at 275 ("[T]he [C]ourt acted within its discretion when it allowed the replacement fiduciary[, Saakvitne,] to formally terminate the [P]lan.").

The Fourth Circuit also noted that continuation of the Plan, which has only seven active members, would likely "perversely benefit ISN" because of previous "mismanagement" and "repeated attempts to misappropriate" funds. *Id.*

[17] The Secretary submitted the fee petition March 7, 2011, before the Court could consider the March 2, 2011 R&R. ECF No. 393.

13

defendants," and their failure to pay legal fees. ECF No. 403 at 3. The defendants have not opposed this motion.

The Court has wide discretion in ruling on a motion to withdraw. *See Patterson v. Gemini Org., Ltd.*, No. 99-1537, 2000 WL 1718542, at *2 (4th Cir. Nov. 17, 2000). Under Local Rule 101.2(a), counsel for an individual--like Malkani--may withdraw with the Court's permission if:

> (1) appearance of other counsel has been entered, or (2) withdrawing counsel files a certificate stating (a) the name and last known address of the client, and (b) that a written notice has been mailed to or otherwise served upon the client at least seven (7) days previously advising the client of counsel's proposed withdrawal and notifying the client either to have new counsel enter an appearance or to advise the Clerk that the client will be proceeding without counsel.

These requirements also apply to withdrawal of counsel for corporate parties like ISN and the Plan. *See* Local Rule 101.2(b). In addition, withdrawing counsel must notify the corporate party that unless new counsel enters an appearance, it risks default and/or dismissal of its claims. *Id.* If new counsel for the corporate party does not enter an appearance within 30 days of the motion to withdraw, "the Court may take [any appropriate] action . . . including granting the motion[.]" *Id.*

Fuller has filed a certificate noting each defendant's name and last known address, and incorporating his August 23, 2010

and April 28, 2011 letters to the defendants.[18] See ECF No. 403 at 5. Although Fuller filed his motion on June 8, 2011, no new counsel has entered an appearance.[19] Fuller's motion to withdraw will be granted.

III. Conclusion

For the reasons stated above, the defendants' objections to Judge Gauvey's March 2, 2011 R&R will be overruled, and the R&R will be adopted in part *nunc pro tunc* and rejected in part as moot; Judge Gauvey's unopposed June 7, 2011 R&R will be adopted; and Fuller's motion to withdraw will be granted.

__7/8/11__  
Date

__/s/ William D. Quarles__  
William D. Quarles, Jr.  
United States District Judge

---

[18] See ECF No. 403, Exs. 1-2 (advising Malkani, ISN, the Plan, and the ISN Profit Sharing Plan to have new counsel enter an appearance because he intended to withdraw, and noting that the corporate defendants risked default and/or dismissal of their claims unless an appearance is entered).

[19] In or before April 2011, the defendants indicated to Fuller that they have retained new counsel. See ECF No. 403, Ex. 1 at 1.

15